IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1: 09-cv-02029 -MSK-KMT

WILFRIDO HERNANDEZ,

    Plaintiff,

v.

CASTLE ROCK INDUSTRIES, INC. a/k/a KARCHER FLOOR CARE, INC.
d/b/a WINDSOR INDUSTRIES, INC.

    Defendant.

---

**PROTECTIVE ORDER CONCERNING
CONFIDENTIAL INFORMATION**

---

Plaintiff Wilfrido Hernandez and Defendant Castle Rock Industries, Inc. a/k/a Karcher Floor Care, Inc. d/b/a Windsor Industries, Inc. (collectively "the Parties"), have agreed that certain information, documents, or things which may be discovered or produced in connection with this action may contain medical records, personnel records, trade secrets or other private, confidential, or proprietary information. "Confidential information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public and containing confidential, sensitive or proprietary information – and designated by one of the Parties in the manner provided below. In order to permit the Parties to discover information relevant to this case, it is hereby ordered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure that, whenever, in the opinion of counsel for a party, discovery in this case will reveal or has revealed information which counsel has reason to believe is confidential, the following procedures will be followed:

1. Counsel for the respective party shall designate the information as confidential by marking any claimed confidential document with the word "confidential" or by sending a letter to opposing counsel identifying the document as confidential. Before designating a document as confidential, counsel must possess a good faith belief that the document is confidential and entitled to protection. In the case of depositions upon oral examination, if counsel for a party or third party believes that questions or answers include confidential information, counsel shall so state on the record and shall request that all or a portion of the deposition transcript be designated as "confidential," and that it be maintained in a separate, sealed, and appropriately marked envelope. The reporter, who shall first have agreed to abide by the terms of this Order, shall include on the cover page of each sealed transcript, or portion thereof, the following: "This transcript, or portions thereof, contains information subject to a Protective Order and shall be used only in accordance therewith." When testimony designated as "confidential" is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from the deposition.

2. The rights of access to all discovery materials designated as confidential shall be limited to the Parties and their affiliates and/or representatives, the Court and its employees, counsel of record, paralegals, or other agents acting under the direct supervision of any counsel of record, solely for the purpose of assisting counsel of record with respect to this case, or any witness endorsed by any party or any person whom counsel in good faith considers to be a potential witness, but only insofar as is necessary relative to matters pertaining to the testimony or anticipated testimony of such witness or

DEN 97165112v3

potential witness.  Independent experts or consultants employed by a party (together with their clerical personnel) whose advice and consultation are being or will be used by such party in connection with this litigation shall also have access to materials designated as confidential, provided that such consultant or expert is not a former employee or retiree of Defendant or its predecessors.

3. Except as provided herein, no person having access to materials designated as confidential under paragraph 1 of this Order shall make public disclosure of or disclose to any other person, any such information or material without either further Order of the Court or stipulation by the Parties.  In disclosing the contents of confidential documents, as permitted by paragraph two above, counsel shall advise the person to whom disclosure is made of the terms of this Order.  Counsel desiring to disclose information designated as confidential to experts or consultants shall first obtain from each person a signed undertaking in the form attached hereto as <u>Exhibit A</u>.  This paragraph does not preclude either party from submitting such information to the Court or jury if necessary to the case.

4. Any specific part or parts of restrictions imposed by paragraph 2 and 3 may be terminated at any time by a written stipulation of the Parties hereto, or by any Order of this Court for good cause shown.

5. A party may object to the designation of particular confidential information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the Parties cannot resolve the objection within ten (10) business days after the time the notice

is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion within five (5) business days thereafter, requesting that the Court determine whether the disputed information should be subject to the terms of this Order.  If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Order.  In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

  6. The termination of this action and any appellate proceedings shall not relieve counsel, the Parties, or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.  Upon request, all documents designated as confidential shall be returned to the designating party's counsel within sixty (60) days of the conclusion of the proceedings in this case.  The return of such material shall be acknowledged by counsel for the designating party in writing.  In the alternative, the designating party may request the destruction of all Confidential Information.  In such case, a written certificate of destruction shall be submitted to the designating party.

DEN 97165112v3

7. This Order is without prejudice to the right of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, any statute, case law or ether authority, nor shall it prevent a party from applying to the Court for relief herefrom, or from applying to the Court for further or additional protective orders.

Dated this 19th day of April, 2010.

STIPULATED AND AGREED BY:

*s/ Jeannette M. Brook*
Jeannette M. Brook
Jeffrey M. Lippa
Kimberley D. Neilio
GREENBERG TRAURIG, LLP
1200 Seventeenth Street, Suite 2400
Denver, Colorado 80202
Telephone: (303) 572-6500
Facsimile: (303) 572-6540
E-mail: brookj@gtlaw.com
        lippaj@gtlaw.com
        neiliok@gtlaw.com
Attorneys for Defendants

*s/ Jennifer C. Robinson*
Jennifer C. Robinson
ROBINSON & ASSOCIATES LAW OFFICE, LLC
7900 E. Union Ave., Suite 1100
Denver, Colorado 80237
Telephone: 303-866-9793
Facsimile: 303-839-9793
Email: jrobinson@raemploymentgroup.com
Attorney for Plaintiff

Dated this 20th day of April, 2010.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge